**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT L. ROSE, | No.  16-35586 |
| Petitioner-Appellant, | D.C. No. 9:13-cv-00156-DWM-JCL |
| v. | |
| LEROY KIRKEGARD and ATTORNEY GENERAL FOR THE STATE OF MONTANA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted April 13, 2018
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and TEILBORG,** District
Judge.

Robert L. Rose appeals the nature of the remedy ordered by the federal district

court after it granted his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**         The Honorable James A. Teilborg, United States District Judge for the
District of Arizona, sitting by designation.

Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 1291, 2255(d), and we affirm.

The district court did not abuse its discretion. *See Loher v. Thomas*, 825 F.3d 1103, 1111 (9th Cir. 2016) (stating the applicable standard of review). It ordered the remedy articulated by the Supreme Court for circumstances where "inadequate assistance of counsel cause[s] nonacceptance of a plea offer and further proceedings le[a]d to a less favorable outcome." *Lafler v. Cooper*, 566 U.S. 156, 160 (2012). In such circumstances, the "proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal." *Id.* at 171. "Once this has occurred, the [state trial] judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." *Id.*

Here, the district court determined that Rose's counsel was constitutionally ineffective in failing to inform him of a favorable plea offer. The district court required the government to "reoffer the equivalent terms of the plea agreement proposed on May 21, 2003," and directed that the "state trial court can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." This remedy was in accord with *Lafler*, 566 U.S. at 171-75, and within the district court's "broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

2

We do not offer an opinion whether Rose has other avenues to challenge the subsequent actions taken by the Montana courts pursuant to the district court's ordered remedy, as that issue is not before us.

Finally, we reject Rose's uncertified claim that he was precluded from conferring with counsel for as long as he wanted during an overnight recess at his trial. *See Perry v. Leeke*, 488 U.S. 272 (1989).  The record does not support Rose's claim, and Rose cannot make a substantial showing that he was denied a constitutional right as required to expand the certificate of appealability. *Robertson v. Pichon*, 849 F.3d 1173, 1187 (2017); 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**